*269 ORDER (Petition Granted)
TODD R. MATHA, Chief Judge.
INTRODUCTION
This case concerns whether the parent, Gary L. Lonetree, Jr., can access monies on behalf of his minor child, K.A.L., DOB 08/14/89, from the Children’s Trust Fund (hereinafter CTF) to pay for costs associated with private school tuition and expenses. The Court employs the standard enunciated in the Per Capita Distribution Ordinance (hereinafter Per Capita Ordinance), 2 HCC § 12.8c to assess the merit of the parent’s request. The Court grants a release of funds to satisfy the request of the petitioner.
PROCEDURAL HISTORY
The petitioner, Gary L. Lonetree, Jr., initiated the current action by filing the August 12, 2005 Petition for Release of Per Capita Distribution (hereinafter Petition ). Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on August 12, 2005, and served the documents upon the respondent’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service as permitted by HCN R. Civ. P. 5(G)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the respondent that a default judgment could result from failure to file within the prescribed time period.
The respondent, by and through DOJ Attorney Leslie Parker Cohan, filed a timely Answer on August 30, 2005, asking the Court to schedule a fact-finding hearing. In response, the Court mailed Notice(s) of Hearing to the parties on September 7, 2005, informing them of the date, time and location of the Fact-Finding Hearing. The Court convened the Hearing on October 11, 2005 at 1:30 p.m. CDT. The following parties appeared at the Fact-Finding Hearing: Gary L. Lonetree, Jr., petitioner, and DOJ Attorney Leslie Parker Cohan, respondent’s counsel. Upon the Court’s request, the petitioner submitted further documentation on October 26, 2005.
APPLICABLE LAW
PER CAPITA DISTRIBUTION ORDINANCE, 2 HCC § 12
Subsec. 8. Minors and Other Legal Incompetents.
a. The interests of minors and other legally incompetent Members, otherwise entitled to receive, per capita payments, shall, in lieu of payments to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for *270 such OTPs approved by the Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTFs shall be invested in a reasonable and prudent manner, which protects the principal and seeks a reasonable return.
b. Education Criterion.
(1)The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria if [sic ] (a) reaching the age of eighteen (18) and (h) producing evidence of personal acquisition of a high school diploma to the Department of Enrollment (HSED, GED or any similar substitute shall not be acceptable), or (ii) the Member reaches the age of twenty-five (25); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma, such Member’s per capita funds shall be retained in the CTF account and any and all per capita distributions payable to said Member after reaching age 18 will be added to such fund and not be paid to the Memberf,] and the CTF account and [sic ] shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur: (1) the Member produces the required diploma; (2) the Member reaches the age of twenty-five (25); or (3) the Member is deceased.
c. Funds in the CTF of a minor or legally incompetent Member may be available for the benefit of a beneficiary’s health, education, and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, the following provisions apply:
(1) A written request must be submitted to the Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds.
(2) The parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any other applicable federal law.
(3) Any other standards, procedures, and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
*271 (C) Methods of Service of Process.
(1) Personal Sendee. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
(3) After the first successful service of process, the Court and the parties will then perform all written communications through regular mail at that address. Therefore, each party to an action has an affirmative duty to notify the Court, and all other parties, of a change in address within ten (10) calendar days of such change.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is.-considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend, of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is *272 considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following: reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1. The minor child, K.A.L., DOB 08/14/89, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A005034.
2. The petitioner and father of the minor child, Gary L. Lonetree, Jr., is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001543.
3. The Court previously discussed the impressive musical acumen of the minor child in connection with a prior case, and hereby incorporates those relevant facts by reference. In the Interest of Minor Children: J.A.L., DOB 11/20/91, et al. by Gary L. Lonetree, Jr. v. HCN Office of Tribal Enrollment, CV 02-85 (HCN Tr. Ct., Oct. 18, 2004) at 5-8.
4. On September 13, 2005, the minor child began her junior year of classes at Interlochen Aits Academy (hereinafter In-terlochen), “the nation’s first independent high school dedicated to the arts,” located at 4000 Highway M-137, Interlochen, MI 49643. www.interlochen.org/ academy/index.htm (last visited Nov. 9, 2005).
5. The minor child aspires to attend The Julliard School, and Interlochen graduates constitute an average of fifteen percent (15%) of the entering class at this prestigious institution. Id. The minor child gained competitive admission to Interlochen through audition. Fact-Finding Hr’g (LPER, Oct. 11, 2005, 01:47:16 CDT).
6. Total cost for attendance at Interlo-chen boarding school for the 2005-06 academic year is $38,455.00. Pet., Ex. 2. Outstanding expenses amount to $17,805.00, which includes $12,400.00 (remaining tuition), $3,030.00 (private music lessons), $1,500.00 (student personal account), $600.00 (books), and $275.00 (sheet music). The minor child received an $18,000.00 grant from Interlochen and a $2,000.00 grant from the Ho-Chunk Nation Department of Education. The family paid enrollment fees by means of fund-raising activities. LPER, 01:40:48 CDT.
7. The petitioner will personally expend approximately $500.00 in transportation expenses (hotel, meals and gasoline) each time he must retrieve the minor child on ten (10) school breaks. Id., 02:07:36 CDT. In addition, the petitioner provides the *273 minor $200.00 for a monthly spending allowance and purchased a laptop computer and printer for roughly $900.00. Id,, 01:50:03, 01:53:37 CDT.
8. The petitioner requested a release of CTF monies to satisfy the full outstanding balance.
Interlochen Center for the Arts $17,806.00
P.O. Box 199
Interlochen, MI 49643-0199
9. The petitioner sought and received a federal bankruptcy discharge. In re: Gary Lance Lonetree, Jr. et al., Case No. 3-05-13320-rdm (Bankr.W.D.Wis., Aug. 9, 2005).
10. Interlochen does not provide any work-study program for its students. LPER, 01:55:05 CDT.
11. The petitioner has demonstrated the presence of special financial need. See Per Capita Ordinance, § 12.8c.
12. The Court finds that no tribal funding source or state or federal public entitlement programs exist to cover the above-enumerated costs. Id.
13. The respondent does not object to a release of CTF monies for the stated purpose. LPER, 02:06:40 CDT.
14. As of July 31, 2005, K.A.L. had an amount of $82,865.56 deposited in the CTF account.
DECISION
The Court applies a four-part test when determining the circumstances under which it would grant a release of monies from the CTF account of a minor tribal member. See In the Interest of Minor Child(ren): V.D.C., DOB 10/03/81, et al., by Debra Crowe v. HCN Office of Tribal Enrollment, CV 00-25 (HCN Tr. Ct., Apr. 6, 2001) at 7 (citing In the Interest of Minor Child: S.D.S., DOB 04/25/83, by Michelle R. DeCora v. HCN Ofice of Tribal Enrollment, CV 00-35 (HCN Tr. Ct., May 4, 2000) at 7). The Court derived the four-part test from language appearing in the Per Capita Ordinance, § 12,8c. Crowe at 7. First, the Court may only grant a release for the benefit of a beneficiary’s health, education, or welfare. Second, any such benefit must represent a necessity, and not a want or desire. Third, the parent or guardian must demonstrate special financial need. Finally, the petitioner must provide evidence of exhaustion of tribal funds and public entitlement programs. Id. at 8.
The Court closely examines each Petition for Release of Per Capita Distribution in fulfillment of its statutory obligation to supervise the CTF accounts. Per Capita Ordinance, § 12.8a. The Court performs this supervision against the backdrop of federal enabling legislation. Specifically, the Indian Gaming Regulatory Act requires that parents receive per cap-ita monies “in such amounts as may be necessary for the health, education, or welfare, of the minor.” Indian Gaming Regulatory Act, 25 U.S.C. § 2710(b)(3)(C) (emphasis added). The Court has focused upon this limitation in developing its case law, announcing basic principles and rudimentary understandings that have guided it through a variety of requests.
Foremost among these understandings is the recognition that petitioners are “asking that the Court do something very unusual and extraordinary, i.e., take money from children and give it to the parents.” In the Interest of the Minor Children: M.C., DOB 01/09/89, et al. by Myra Cunneen v. HCN Dep’t of Enrollment, CV 99-83 (HCN Tr. Ct., Jan. 21, 2000) at 3. The Court rightfully practices restraint when asked to serve as this instrumentality. The Court reasons that “no matter what the financial plight of the parents, the ordinary and usual expenses for rais- *274 tag children should not be shifted to the children.” Id. at 6.
Only a verifiable claim of poverty can justify a parent’s failure to provide a child’s basic necessities of life: “adequate food, clothing, shelter, medical care, education [and] supervision.” Hock Nation Children And Family Act, 4 HCC § 3.5bb. The Court, however, shall not relieve a parent of this responsibility if the impoverished condition of the family derives from poor parental decisions. The Court will not elevate a child to the status of provider as a consequence of regrettable choices made by the parent. Crowe at 13-14. “When a person becomes a parent, that parent inherently accepts the responsibility to provide for the health, education and welfare for that child or children.... As a parent, [he or she] has inherently accepted these financial obligations by bringing ... children into this world.” In the Interest of Gary Alan Funmaker, Sr. v. Ho-Chunk Nation, CV 96-39 (HCN Tr. Ct., Oct. 18, 1996) at 7.
Accordingly, the Court has only granted CTF releases for food, clothing, shelter or medical care in the most egregious of circumstances. See In the Interest of Minor Child.: D.A.S., DOB 10/14/87, by Larry Swan v. HCN Ofice of Tribal Enrollment, CV 00-96 (HCN Tr. Ct., Dec. 18, 2000) (insufficient Social Security Income to satisfy clothing needs of twelve (12) year old child cared for by terminally ill single parent); In- the Interest of Minor Child: D.M.S.T., DOB 07/01/83, by Roxanne Tallmadge-Johnson, v. HCN Office of Tribal Enrollment, CV 00-14 (HCN Tr. Ct., Apr. 13, 2000) (inability of Medical Assistance to cover a sports-related injury of a teenager residing: in a household with eleven (11) other minor children). For other requests relating to health, education or welfare, the Court has distinguished between cases where the child receives the direct, tangible benefit (orthodontics) as opposed to those where the request proves beneficial to the entire family (automobiles). The Court is certainly less inclined to grant the latter type of requests due to the presence of this distinction. Also, the Court typically will require the parent(s) to offer a greater financial contribution depending upon the circumstances.
The Court shall now address the request presented by the petitioner in the instant case. To begin, granting a CTF release for tuition and related expenses would obviously benefit the beneficiary’s education. The more difficult inquiry involves whether the release would prove a need since the minor could simply attend public school at no cost. The Court addressed this question in a prior decision, and directs the parties to that discussion. In the Interest of Minor Child: S.R.D., DOB 04/08/02, by Jason Decorah v. HCN Office of Tribal Enrollment, CV 05-31 (HCN Tr. Ct., June 2, 2005) at 11-12 n. 2. Suffice it to say, the minor child, through her own conviction, is presented with a unique opportunity, which the parents cannot reasonably afford, but will prove an invaluable benefit to the minor’s resolute future ambitions. The Court will not serve as an impediment to the minor child’s clear objective to achieve educational excellence.
The Court, therefore, directs Fifth Third Bank to deliver a check payable in the following amount to:
Interlochen Center for the Arts $17,805.00
P.O. Box 199
Interlochen, Ml 49643-0199
The check shall bear the following notation: “for K.A.L., DOB 08/14/89, Tribal ID # 439A005034.” The petitioner bears the responsibility of contacting the above provider to inform them of the anticipated receipt of such check and the item that the Court has approved for payment.
*275 In regards to the granted request, the Court directs Gary L. Lonetree, Jr. to “maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any other applicable federal law.” Per Capita Ordinance, § 12.8c(2). The petitioner shall submit a financial report along with relevant documentation (e.g., receipts and invoices) to the Court within three (3) months after receipt of the disbursement, confirming the specified use of the funds. Failure to do so may subject the petitioner to the contempt powers of the Court pursuant to the Ho-Chunk Nation Contempt Ordinance and/or repayment of the amount advanced from the CTF of K.A.L., DOB 08/14/89. Furthermore, the petitioner must submit any excess funds to the Court in the form of a check. The Court shall maintain an open case file until acceptance of a final accounting, and sendee of process shall be performed on the address stated in the Petition unless parties direct otherwise in writing. See HCN R. Civ. P. 5(C)(3).
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “|a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. P.), specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.]." HCN R. Civ. P. 61.
IT IS SO ORDERED this 9th day of November 2005, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party a unit óf government or enterprise. HCN R. Civ. P. 27(B).